UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SMITH, | No. 2:14-cv-1501 GEB GGH PS |
| Plaintiff, | |
| v. | ORDER |
| OFFICER JOHN GIOVANNINI, et al., | |
| Defendants. | |

Plaintiff, Wayne D. Smith, "aka 008-TW1 (Maximus)," proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff alleges only in the most conclusory terms that defendants are arresting police officer Giovannini, prosecutors Cattran and Owens, probation officer Martino, and businessman Rogers AKA East Bay Investors, and that they acted in "unity of operation" and in conspiracy with each other to falsely arrest, maliciously prosecute and imprison plaintiff on July 3, 2013. (Compl., ECF No. 1 at 7-8.) According to the complaint, the charges were later dismissed on January 6, 2014. (Id. at 10.) Plaintiff alleges that all defendants sanctioned the false arrest by defendant Giovannini, which occurred at plaintiff's place of employment, the Falcon Lodge and

1  Suites, which employment he had obtained through the "My Ticket to Work or "Work Incentive
2  Improvement Act." (Id. at 2.) Plaintiff alleges that he is of Native American origin and disabled
3  under the ADA. (Id. at 3, 11.) Plaintiff brings suit under 42 U.S.C. § 1983, and various other
4  statutes.

5  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

To state a claim under § 1983, there must be state action by defendant. Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001). Although a private individual, such as defendant Rogers, may be liable under § 1983 if he conspires with state actors to violate plaintiff's rights, Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002), plaintiff has not sufficiently made such an allegation against defendant Rogers. Plaintiff will be provided leave to amend his complaint to allege with reasonable specificity that Rogers conspired with or entered joint action with any of the other defendants. If plaintiff does so amend his complaint, he must allege the facts of the conspiracy, as well as all of the facts surrounding the alleged false arrest, malicious prosecution and imprisonment.

Moreover, the complaint as written contains only bald conclusions and fails to state a *plausible* claim for any of the grounds alleged. Plaintiff is reminded that his claim for relief must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1973 (2009). While this does not require lengthy, detailed

factual allegations, the claim must contain more than labels and conclusions or a formulaic recitation of the elements of a cause of action.  See Bell Atlantic, 550 U.S. at 555.  In short, the allegations must be sufficient to put defendants fairly on notice of the claims against them.  See Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed.1990).  Here, this means that plaintiff must say more than that he was "falsely[] imprisoned, maliciously prosecuted, and denied viable medical treatment while in the custody of defendants, each named herein noted, in violation of U.S. statutes and codes cited herein…."  See ECF No. 1 at 5.  Rather, plaintiff must identify with reasonable specificity what each defendant did to violate his rights, and why he thinks such action was unconstitutional.

Plaintiff has also alleged a claim under  RICO, 18 U.S.C. § 1962, against all defendants. (ECF No. 1 at 16-17.)  This section provides that a conspiracy to violate any of the provisions of § 1962 is unlawful.  However, "'[p]laintiff[] cannot claim that a conspiracy to violate RICO existed if [he] do[es] not adequately plead a substantive violation of RICO.'  Howard v. Am. Online Inc., 208 F.3d 741, 751 (9th Cir. 2000);"  Sanford v. Member Works, 625 F.3d 550, 559 (9th Cir. 2010).

A violation under section 1962(c) requires proof of: "1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity."  Sedima S.P.R.L. v. Imrex Corp., 473 U.S. 479, 496, 105 S. Ct. 3275 (1985) (internal note omitted).  Plaintiff has made only bald allegations of an enterprise in conclusory terms.  He has not properly alleged a pattern of racketeering activity. Howard, 208 F. 3d at 746.

"A pattern is defined as "'at least two acts of racketeering activity'" within ten years of each other.  18 U.S.C. § 1961(5).  Two acts are necessary, but not sufficient, for finding a violation.  See H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 238, 109 S. Ct. 2893, 106 L.Ed.2d 195 (1989).  "[T]he term 'pattern' itself requires the showing of a relationship between the predicates and of the threat of continuing activity.'"  Id. at 239, 109 S. Ct. 2893.  Howard at 746.

4

Assuming that plaintiff could show that these defendants were part of an "enterprise," and engaged in criminal activity regarding the manner in which they executed an arrest and prosecution, he has only alleged that they did so on one occasion, July 3, 2013. Furthermore, plaintiff has not alleged predicate acts which demonstrate any opportunity for criminal activity in the future. The arrest and prosecution are long since final. Plaintiff has not alleged that defendants will have any further contact with him; nor does plaintiff allege that defendants utilized their "enterprise" for a continuing course of criminal conduct in other cases. The RICO claim is meritless and will be dismissed if plaintiff continues to allege such a claim in his amended complaint.

The complaint further alleges a claim under Section 601 of Title VI of the Civil Rights Act of 1964. It provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "To state a claim for damages under 42 U.S.C. § 2000d. et seq., a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir.1994) (citations omitted), overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001).

Plaintiff has not alleged which entity is engaging in racial discrimination. He has sued only individuals. He further has not shown that any of the defendants are receiving federal financial assistance. Although plaintiff may have been employed under a federally funded program and his place of employment may have received federal funding, he would have to allege that his employer, the Falcon Lodge and Suites, discriminated against him, and he has not named this entity as a defendant. Therefore, this claim will be dismissed upon amendment if plaintiff is unable to assert a claim against an entity and allege that it receives federal financial assistance.

Although the complaint must be dismissed, plaintiff will be granted leave to file an amended complaint. Plaintiff is informed the court cannot refer to prior pleadings in order to

make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), overruled in part on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint, the original pleading no longer serves an operative function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  The amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated: August 18, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Smith1501.ifp.amend