UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SMITH, | No. 2:14-cv-1501 GEB GGH PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| OFFICER JOHN GIOVANNINI, et al., | |
| Defendants. | |

By order filed August 18, 2014, the court granted plaintiff twenty-eight days to file an amended complaint. In the screening order, the court informed plaintiff of the deficiencies in the complaint. The twenty-eight day period expired, and plaintiff did not file an amended complaint or otherwise respond to the court's order.

Accordingly, for the reasons given in the August 18, 2014, order, and for plaintiff's failure to present an amended complaint curing the defects of the original complaint as explained therein, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).[1]

---

[1] The court has given consideration to plaintiff's status as a pro se litigant. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). The court has explained the defects in plaintiff's complaint and advised plaintiff that failures to correct them might result in dismissal. Delay is nearly always prejudicial to defendants. On the other hand, dismissal precludes adjudicating the merits of plaintiff's action. However, the court has considered less drastic sanctions, by issuing its order explaining the defects in the complaint. Plaintiff's failure to cure the complaint's defects leaves

1

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Smith1501.ftamd

---

the court no choice. The court's need to manage its docket does not permit further devotion of scarce resources to the matter. See Malone v. United States Postal Serv., 833 F.2d 128, 131-32 n.1 (9th Cir.1987).